John A. Vogt (State Bar No. 198677)
javogt@jonesday.com
Ann T. Rossum (State Bar No. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:  949.851.3939
Facsimile:   949.553.7539

Richard J. Bedell (admitted *pro hac vice*)
rjbedell@jonesday.com
Christopher M. McLaughlin (admitted *pro hac vice*)
cmmclaughlin@jonesday.com
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH  44114.1190
Telephone:  216.586.3939
Facsimile:   216.579.0212

*Attorneys for Plaintiff*

Christopher J. Yost (State Bar No. 150785)
cjyost@fedex.com@fedex.com
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone:  949.862.4558
Facsimile:   949. 862.4605

Graham W. Askew (admitted *pro hac vice*)
graham.askew@fedex.com
Colleen Hitch Wilson (admitted *pro hac vice*)
chitchwilson@fedex.com
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road, Building B, 3rd Floor
Memphis, TN 38125
Telephone:  901.434.8600
Facsimile:   901.434.4523

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KEY EQUIPMENT FINANCE, | Case No. 2:14-cv-07534-GW-AGR |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| FEDERAL EXPRESS CORPORATION d/b/a FEDEX EXPRESS, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Plaintiff Key Equipment Finance and Defendant Federal Express Corporation, through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and/or may be sought, produced, or disclosed by the parties to this action relating to trade secrets, confidential research, development, technology, or other proprietary commercial information or business information that is not publicly known and that the party has treated as confidential including, but not limited to, non-public financial information or analyses, research, or business rules, systems, or practices.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.     This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.     Any party may designate as "Confidential" any document, deposition testimony, or other information produced, given, or disclosed by it that such party believes in good faith is entitled to protection under applicable law.

3.      In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal.  The application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

4.      Any documents, deposition testimony, or other information subject to this Order shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5.      Except with the prior written consent of the party making the designation, or pursuant to a further order of the Court, any document, deposition testimony, or other information designated as "Confidential" under this Order shall not be disclosed to any person other than: (a) the Court, its personnel, and court reporters; (b) counsel for the parties, whether retained counsel or in-house counsel, and employees of counsel assigned to assist in this action; (c) parties to this action; (d) former employees of a party in connection with their depositions in this action; (e) the authors or recipients; (f) experts specifically retained as consultants or testifying witnesses in connection with this action; and (g) professional vendors to whom disclosure is reasonably necessary for this action.

6.      Documents, deposition testimony, or other information designated "Confidential" pursuant to this Order shall not be made available to any person identified in Subparagraphs 5(f)-(g) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the Declaration of Compliance attached as Exhibit A.

7.      All persons receiving documents, deposition testimony, or other

information designated "Confidential" pursuant to this Order shall be advised of their confidential nature.  All persons to whom such materials are disclosed are hereby prohibited from disclosing them to any person except as provided herein, and are further prohibited from using them except in the preparation for and trial of this action between the named parties thereto.  No person receiving or reviewing such materials shall disseminate or disclose them to any person other than those described in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such materials.

8.     Any party wishing to designate as "Confidential" any deposition testimony or document submitted as an exhibit at a deposition may do so on the record during the deposition or in writing to the other party within ten (10) business days after receipt of the deposition transcript.  The designating party shall designate only those portions of the testimony or document which discloses information entitled to protection under this Order.  The party making the designation shall be responsible for assuring that the portions of the deposition transcript or exhibits designated as "Confidential" are marked as such and are appropriately bound by the court reporter.  During the interim ten (10) day period, such materials shall be afforded "Confidential" protection subject to the provisions of this Order.

9.     Inadvertent failure to designate documents as "Confidential" at the time of production or disclosure shall not operate to waive a party's right to later designate them as such; provided, however, that no receiving party shall be held in breach of this Order if, in the interim, such documents were disclosed to a person that, in retrospect, was not authorized to receive them.  Subject to this provision, any designation that is inadvertently omitted from a document during discovery in this action may be corrected by written notice from the producing party to the receiving party.  Once such belated designation has been made, the relevant documents shall be treated as "Confidential" subject to the provisions of this Order.

10.     In the event that any party to this litigation disagrees with any

designation of confidentiality made pursuant to this Order, that party shall notify the producing party of its disagreement in writing.  The notice must specifically identify by bates number or page what document or portion of a document is being challenged as improperly designated.  Within fifteen (15) business days of the receipt of such written notice, the producing party will either voluntarily remove the challenged designation or advise the objecting party that it will not remove the challenged designation.  Upon notice from the producing party that it will not remove a challenged designation, the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37.  During the pendency of any challenge to a designation made pursuant to this Order, the designated materials shall continue to be treated as "Confidential" subject to the provisions of this Order.

11.    This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any document, deposition testimony, or other information as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.    Within sixty (60) days after the final termination of this action, all materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or compilations taken therefrom, but excluding any materials that in the good faith judgment of counsel are work product materials, shall be (a) returned to the producing party upon request or (b) destroyed at the request of the producing party.

13.    Nothing in this Order shall affect or restrict the rights of any party with respect to its own documents or information obtained or developed independently of any materials afforded confidential treatment pursuant to this Order.

14.    Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

15.    Any non-party from which discovery is sought in this action may be

informed of and may obtain protection under this Order by written notice to the parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.

16.    The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice. The Court also retains jurisdiction to enforce the terms of this Order, if necessary, following the conclusion of this action.  The terms of this Order shall continue to be binding after the conclusion of this action, unless otherwise agreed by the parties in writing or ordered by the Court.

Dated:  November 19, 2015                    JONES DAY

                                             By: */s/ Christopher M. McLaughlin*
                                                  Christopher M. McLaughlin

                                             *Attorney for Plaintiff*

                                             FEDERAL EXPRESS CORP.

                                             By: */s/ Colleen Hitch Wilson*
                                                  Colleen Hitch Wilson

                                             *Attorney for Defendant*


   IT IS SO ORDERED.

   Dated this 23rd day of November, 2015.


                                             *Alicia G. Rosenberg*
                                      _____
                                      HONORABLE ALICIA G. ROSENBERG
                                      UNITED STATES MAGISTRATE JUDGE

<u>Exhibit A</u>

<u>Declaration of Compliance</u>

I, _____, certify that I have been provided a copy of the Stipulated Protective Order entered in the lawsuit captioned *Key Equipment Finance v. Federal Express Corporation*, Case No. 2:14-cv-07534, which is currently pending in the United States District Court for the Central District of California.  I have read the Stipulated Protective Order, and I agree to be bound by its provisions as a condition of receiving certain confidential information, which has been identified to me.  I promise not to make use of this confidential information for any purpose other than my role in the aforementioned lawsuit.  I consent to being subject to the continuing jurisdiction of the United States District Court for the Central District of California in regard to all matters relating to the Stipulated Protective Order, including, without limitation, the enforcement of the Stipulated Protective Order.

DATED:_____     SIGNED:_____

PRINTED NAME:_____